■ ORDER OF THE TEACHERS OF THE CHILDREN OF GOD, INC., Appellant, v TRUSTEES OF THE ESTATE BELONGING TO THE DIOCESE OF LONG ISLAND et al., Respondents. [687 NYS2d 684] —In an action, *inter alia,* to determine title to real property pursuant to RPAPL article 15, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated November 25, 1997, which denied its motion for summary judgment on the first cause of action of the complaint, pursuant to Real Property Law § 345 to extinguish the contingent reverter contained in the deed between the plaintiff and the defendant Trustees of the Estate Belonging to the Diocese of Long Island.

Ordered that the order is affirmed, with costs.

On October 27, 1952, the Trustees of the Estate Belonging to the Diocese of Long Island (hereinafter the Trustees) conveyed a 42-acre estate in Southampton, New York, to the Order of the Teachers of the Children of God, Inc. (hereinafter the Order). The deed provided that ownership of the estate would

revert back to the Trustees if the Order ceased to use the property as its "Mother House". Although the parties agree that the Order no longer uses the property as its Mother House, they disagree on when the property ceased to be so used.

In 1995, the Order commenced this action for a determination of title to the property. In its first cause of action, the plaintiff alleged that the defendants' reversionary interest in the property had been extinguished because they had failed to record a declaration of intention to preserve it as required by Real Property Law § 345. The plaintiff subsequently moved for summary judgment on this cause of action, but the Supreme Court denied the motion, concluding that the decision of the Court of Appeals in *Board of Educ. v Miles* (15 NY2d 364) mandated a conclusion that Real Property Law § 345 was unconstitutional as applied to deeds executed prior to September 1, 1961.

In 1958, the New York State Legislature enacted a series of provisions designed to facilitate the marketability and development of land. The goal of these statutes, which include Real Property Law § 345, was to "limit or extinguish nonsubstantial restrictions on the use of land, possibilities of reverter or right of entry on failure of conditions subsequent and similar interests in real property" (*Board of Educ. v Miles, supra*, at 367-368). Real Property Law § 345 (1) provides that a possibility of reverter will "be extinguished and become unenforceable" unless the owner of such right records a declaration of intention to preserve the right. This declaration must be recorded between 27 and 30 years after the right was created (Real Property Law § 345 [4]). Those having rights more than 27 years old at the time this provision was enacted were given a three-year period, until September 1, 1961, to record them.

In *Board of Educ. v Miles* (*supra*), the Court of Appeals held that Real Property Law § 345 (4) was unconstitutional as applied to a reversionary interest in property created in 1854 which did not mature until after the September 1, 1961, deadline for recording interests created more than 27 years prior to the enactment of the statute. The *Miles* Court reasoned, *inter alia*, that Real Property Law § 345 (4) could not be upheld as a Statute of Limitations, because the act which had triggered the reversion did not occur until after the applicable recording deadline. Although the *Miles* Court left open the possibility that Real Property Law § 345 could validly operate as a Statute of Limitations to reverter provisions which were mature and enforceable before the statute purported to extinguish them (*see,* Note, *Real Property—Retroactive Ap-*

*plication of New York Statute Extinguishing Certain Land Use Restrictions, Unless Declaration Of Intention To Preserve Filed, Held Unconstitutional,* 17 Syracuse L Rev 571, 574 [1966]), in the instant case, there is a sharp factual dispute regarding when the event which triggered the reverter occurred. Since we cannot determine, as a matter of law, whether the defendants' reversionary interest matured prior to October 27, 1982, when the 30-year deadline for recording a declaration would have expired, it would be premature to resolve the issue of whether Real Property Law § 345 can be constitutionally applied to the facts of this case. Under these circumstances, the plaintiff's motion for summary judgment was properly denied. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.